

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RUBY JOHNSON, on behalf of herself and others similarly situated<br><br>VERSUS<br><br>THE PROGRESSIVE CORPORATION, and PROGRESSIVE CASUALTY INSURANCE COMPANY | CIVIL ACTION<br>NO. 05-1900<br><br>SEC. " " ( )<br>JUDGE SECT. T MAG. 1 |

************************************************************************

## CLASS ACTION COMPLAINT

The Class Action Complaint of Ruby Johnson, on behalf of herself and others similarly situated, respectfully represents as follows:

### JURISDICTION AND VENUE

1.

This Honorable Court has jurisdiction in this action pursuant to 28 U.S.C. 1331 (federal question) in that this action is brought under the provisions of 15 U.S.C. 1681, *et seq.*, (the Fair Credit Reporting Act). Venue is proper in the Eastern District of Louisiana under 28 U.S.C. 1391 because defendant is subject to personal jurisdiction in the Eastern District of Louisiana, and plaintiff sustained injury there due to the conduct of defendant's business in the Eastern District of Louisiana. This Court also has jurisdiction in this action pursuant to 28 U.S.C. 1332(d), in that this class action involves an aggregate amount exceeding $5,000,000, and more than two-thirds of the putative class members and the primary defendant are citizens of different states.

Fee_____
Process____
X Dktd____
__ CtRmDep____
__ Doc. No____

## PARTIES

**2.**

Plaintiff, Ruby Johnson, is a natural person of the age of majority and a resident of the Eastern District of Louisiana. Ruby Johnson is a former policyholder of an automobile insurance policy sold to plaintiff by defendants and delivered to plaintiff in the State of Louisiana.

**3.**

Defendant, **The Progressive Corporation** (hereinafter, "Progressive"), is a holding company with its principal place of business in Mayfield, Ohio. Progressive wholly owns, controls and operates numerous subsidiary automobile insurance companies which do business in one or more states throughout the United States. All income from these subsidiaries is aggregated and reported on single 10K filings with the Securities and Exchange Commission. The ultimate management of the subsidiaries is the same as for the parent corporation, Progressive, and the parent company, Progressive, has ultimate authority over decisions made for the subsidiaries, which are operated as the Progressive Insurance Group Companies. These subsidiaries market insurance policies throughout the United States, using the same forms, the same internet web sites, and the same underwriters, in all respects operating as if they were a single entity. At all times pertinent hereto, Progressive had ultimate authority and control over any of its subsidiaries which participated in the violations alleged herein. Defendant, **Progressive Casualty Insurance Company** (collectively, "Progressive") is an insurance company with its principal place of business in Mayfield, Ohio, which is authorized to do and doing business in the Eastern District of Louisiana.

**4.**

Defendants are users of consumer reports (also referred to as "credit reports") as defined

in 15 U.S.C. 1681b of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. 1681, *et seq.* Specifically, when consumers seek "quotes" of rates for Progressive insurance policies, and/or when consumers apply to Progressive for insurance, Progressive obtains the credit reports and a credit score of the consumer. Progressive uses these reports to determine whether the consumer is eligible for insurance, or "high risk" insurance, and the rate that the consumer will pay. Progressive also obtains credit reports on consumers already insured by Progressive, and uses information in the reports as a basis for canceling insurance policies and/or increasing the amount that consumers are required to pay for their existing Progressive automobile insurance.

5.

Users of credit reports, such as Progressive, are required by §1681m of the Fair Credit Reporting Act to provide notice and certain disclosures to consumers whenever an adverse action is taken against the consumer based in whole or in part on information from a consumer report.

6.

Denying insurance coverage, canceling insurance coverage, requiring that a consumer purchase "high risk" rather than preferred insurance coverage, raising the premiums for insurance coverage, quoting rates higher than optimum rates for insurance coverage, and charging rates higher than optimum rates for insurance coverage all comprise "adverse actions" taken by Progressive, as defined by the Fair Credit Reporting Act, §1681a(k)(1)(B)(i).

7.

Progressive has taken the adverse actions described in Paragraph 6, above, against plaintiff, Ruby Johnson, and the proposed class members, and has failed to provide to plaintiff and the proposed class members the notice and disclosures required by §1681m of the Fair Credit Reporting Act, in violation of that statute.

**8.**

Each of the actions described in Paragraph 6, above, comprises a separate adverse action under the Fair Credit Reporting Act, each time it occurs. Therefore, Progressive has committed a separate and distinct violation of §1681m of the Fair Credit Reporting Act, each time that it has taken one of the above-described adverse actions, without providing to the consumer the notice and disclosures required by §1681m of the Fair Credit Reporting Act. Plaintiff and the proposed class members are entitled to a separate recovery under §1681n, or alternatively, §1681o, of the Fair Credit Reporting Act, for each of Progressive's separate violations.

**9.**

Progressive has willfully violated the provisions of §1681m of the FCRA by its actions described herein. Alternatively, Progressive has negligently violated the provisions of §1681m of the FCRA by its actions described herein.

**10.**

Plaintiff and the proposed class members seek statutory and punitive damages under §1681n of the FCRA, as well as attorney's fees and expenses of litigation under the provisions of those subsections. Plaintiffs seek actual damages for negligent violations under §1681o, measured by disgorgement of profits earned by defendant, Progressive, as a result of the unlawful conduct set forth in this Complaint.

**11.**

The statute of limitations for filing an action under the Fair Credit Reporting Act has been tolled for plaintiff, Ruby Johnson, and for all proposed class members, since at least November 15, 2000, by the filing of a putative class action which remains pending as part of the Multidistrict Litigation entitled *In re Progressive Insurance Corporation Underwriting And Rating Practices*

*Litigation*, No. 03-1519 on the docket of the United States District Court for the Northern District of Florida, Gainesville Division.

### FED. R. CIV. P. 23 CLASS ALLEGATIONS

**12.**

Plaintiff brings this action on behalf of herself and all similarly situated persons who are residents of the United States, and whose consumer reports were furnished to Progressive, or to any of its subsidiaries, or to any entity acting on Progressive's behalf, from November 15, 1998 to the present, in connection with underwriting of insurance. Specifically excluded are the judges to whom this case is assigned and their immediate families, and all employees, owners, representatives, officers, directors, attorneys, and other persons related to or affiliated with the defendants; and counsel for the plaintiffs in this action or in any of the consolidated action in the MDL entitled *In re Progressive Insurance Corporation Underwriting And Rating Practices Litigation*, No. 03-1519 on the docket of the United States District Court for the Northern District of Florida, Gainesville Division.

**13.**

All proposed class members of this class seek relief under the same legal and remedial theories, under the provisions of 15 U.S.C. 1681n and 1681o, as set forth hereinabove, so that the claims of the representative plaintiffs are typical of the claims of all proposed class members.

**14.**

The questions of law and fact set forth in the Complaint are common to all class members. Common issues include, but are not limited to:

1. Whether Progressive and/or any of its subsidiaries violated the provisions of §1681m of the Fair Credit Reporting Act by failing to provide required notice to consumers;

2. Whether Progressive and/or any of its subsidiaries violated the provisions of §1681m of the Fair Credit Reporting Act by failing to provide required disclosures to consumers;

3. Whether the actions described in Paragraph 6, above, comprise "adverse actions" taken by Progressive, as defined by the Fair Credit Reporting Act, §1681a(k)(1)(B)(i);

4. Whether Progressive willfully violated the provisions of the FCRA;

5. Whether Progressive negligently violated the provisions of the FCRA;

6. Whether plaintiffs are entitled to statutory and/or punitive damages under §1681n of the FCRA;

7. Whether disgorgement of revenues earned by Progressive in connection with the unlawful conduct described in this Complaint is an appropriate measure of actual damages under the FCRA for the violations described herein;

8. Whether plaintiffs are entitled to attorney's fees and expenses incurred in bringing this action, including interest on fees and expenses.

**15.**

The proposed class numbers more than one hundred persons, widely dispersed, so that joinder is impractical.

**16.**

The representative plaintiff has no conflicts which would prevent her adequate representation of all class members. Proposed class counsel is experienced in class action and consumer law matters, having served or currently serving as lead counsel in three certified class actions brought under the FCRA, and as lead counsel in more than ten class action or putative class action matters in the Eastern District of Louisiana; and having participated or currently participating in four Multidistrict Litigations as counsel for the putative classes. Class counsel has no conflicts which would prevent her adequate representation of all class members.

Case 2:05-cv-01900-GTP-SS   Document 1   Filed 05/19/05   Page 7 of 9

**17.**

This action should be maintained as a class action pursuant to Fed. R. Civ. Proc. 23(b)(3), because common issues, as set forth hereinabove, predominate over any individual issues, and because class action is superior to other methods available for resolution of this controversy.

**18.**

Class action is superior to other methods available for resolving this controversy, because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the individual stakes are small when compared with the costs of the litigation; the class members are widely dispersed, and are unlikely to bring individual actions, which would be costly, to protect their interests; and this class action is superior to the repeated production and evaluation of identical evidence which would attend litigation of individual claims, including waste of expert and attorney labor, and the waste of the resources of the courts; finally, to leave plaintiffs' complaint unaddressed, and allow Trans Union to keep its unlawful profits, would encourage wrongdoing on the part of consumer reporting agencies and all defendants, to the public's detriment and in contravention of the policies of the Fair Credit Reporting Act.

**19.**

Plaintiffs are entitled to and request a trial by jury.

**WHEREFORE**, representative plaintiff, Ruby Johnson, individually and on behalf of others similarly situated, respectfully prays for judgment against defendants, The Progressive Corporation and Progressive Casualty Insurance Company, including statutory damages, punitive damages, actual damages, attorney's fees and expenses, prejudgment interest, injunctive and declaratory relief, and all general and equitable relief to which they may be entitled. Plaintiff

further prays that she and her counsel, Dawn Adams Wheelahan, be appointed class representatives and class counsel, respectively.

Respectfully submitted,

*[signature]*

DAWN ADAMS WHEELAHAN (19263)
650 Poydras Street, Suite 1550
New Orleans, Louisiana 70130
Telephone: 504-522-0495
Telecopy:   504-581-1624
**Counsel for Plaintiffs**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**
RUBY JOHNSON on behalf of herself and others similarly situated

**DEFENDANTS**
THE PROGRESSIVE CORPORATION and PROGRESSIVE CASUALTY INSURANCE COMPANY

**(b)** County of Residence of First Listed Plaintiff   ORLEANS
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DAWN ADAMS WHEELAHAN, 650 Poydras St. suite 1550, New Orleans, Louisiana 70130

Attorneys (If Known)
SECT. T MAG. 1

**I. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- 1 U.S. Government Plaintiff
- ✗ 3 Federal Question (U.S. Government Not a Party)
- 2 U.S. Government Defendant
- 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**V. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ✗ 480 Consumer Credit |
| | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| 195 Contract Product Liability | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | |
| 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

**ORIGIN** (Place an "X" in One Box Only)
- ✗ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**I. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Brief description of cause:
15 USC 1681, FAIR CREDIT REPORTING ACT

**II. REQUESTED IN COMPLAINT:** ✗ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

**III. RELATED CASE(S) IF ANY** (See instructions):
JUDGE  MDL-1519
DOCKET NUMBER  03-1519 N.D. 7/a

DATE _____  SIGNATURE OF ATTORNEY OF RECORD  [signature]

FOR OFFICE USE ONLY

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____